## PEOPLE *v.* MURPHY.

*(Supreme Court, General Term, Fifth Department.* January, 1892.)

1. ARSON—EVIDENCE—KNOWLEDGE OF PREMISES.

On a trial for burning a barn, where it appeared that for a number of years before the commission of the crime defendant had been employed in and about the barn; that he was familiar with the location of the carriages, and the places where the animals were kept, and knew of the presence of poison in the barn,—it is proper for the prosecution to prove that the animals were poisoned, and the carriages mu-

tilated, as tending to show that the person who committed the crime was acquainted with the premises.

**2. SAME—PROOF OF MALICE.**

Such evidence is also competent as tending to prove that the perpetrator of the crime entertained, as it was shown defendant did, malicious and revengeful feelings towards the owner.

**3. SAME—THREATS—PROOF OF HANDWRITING.**

On a trial for arson the state called a number of expert witnesses, who testified that, in their opinion, certain threatening letters were written by defendant. On cross-examination defendant submitted to them nine specimens of writing, and asked whether they were written by himself. Some testified that all, and others that only a part, were written by defendant. Defendant offered to show that his brother wrote some of the specimens, but the court excluded the testimony. *Held* that, since the opinions that defendant wrote the threatening letters were not based on an examination of the writings produced by defendant, it was immaterial who wrote the specimens, and defendant was concluded by the answers of the experts.

Appeal from court of quarter sessions, Niagara county.

Indictment of Michael Murphy for arson. Verdict and judgment of conviction in the third degree. Defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Richard Crowley*, for appellant. *T. F. King*, Dist. Atty., for the People.

LEWIS, J. The evidence upon the trial, though mainly circumstantial, was sufficient to warrant the conviction of the defendant of the crime of which he was charged. The evidence as to the poisoning of the animals and the injuries to the carriages in the barn was competent. The defendant had been, for a number of years before the commission of the crime, employed in and about the barn. He was familiar with the location of the carriages and the places where the animals were kept. He knew of the presence of the poison in the barn, and the location of the grain and pail used in feeding the poison to the cow. Hence the evidence as to the injuries to the carriages and the poisoning of the animals was important, and competent as tending to show that the person who committed the crime had an intimate acquaintance with the premises and the surroundings. It was also competent as tending to show that the person who committed the crime entertained, as it was shown the defendant did, malicious and revengeful feelings towards the owner of the barn and property.

If the evidence of Edward M. Moody as to the ownership of the barn burned was incompetent, the defendant suffered no injury therefrom, as there was other and competent evidence given upon the trial establishing the fact that Elisha Moody was the owner of the barn, as alleged in the indictment. Elisha Moody was living in the house upon the land on which the barn stood, and was in occupation thereof as tenant by curtesy, and was, therefore, for the purposes of the action, the owner of the barn.

The people called a number of expert witnesses, who testified that the letter (Exhibit A) addressed to Mrs. Rehm, which contained threats to burn her house and barn and the property of Mr. Moody, and the letter (Exhibit B) addressed to Mr. Elisha Moody, containing threats, were in the handwriting of the defendant. These witnesses formed their opinion as to the letters being written by the defendant by comparing them with other writings conceded to have been written by the defendant. Upon the cross-examination of these witnesses the defendant's counsel produced nine different specimens of writing, and asked these expert witnesses of the people their opinion as to whether they were written by the defendant. Some of the witnesses testified that they thought they were all in the handwriting of the defendant. Others thought that some of them were written by the defendant, and that the balance of them were not written by him. John Murphy, a brother of the defendant, was thereupon called as a witness, and the defendant's counsel offered to prove by him that he wrote some of the nine specimens shown

the people's expert witnesses, and that others of them were not written by him. The defendant did not offer to show which ones were written by the witness, nor those that were not written by him. The evidence was excluded, and the defendant duly excepted. The opinions of the people's witnesses as to the defendant having written Exhibits A and B were not based upon an examination of the writings produced by the defendant. They had not seen them when they gave their testimony, so that, as far as their evidence was concerned, it was immaterial who wrote the nine papers produced by the defendant. If the evidence had been admitted, it would have been collateral to the material question, to-wit, the authorship of Exhibits A and B. The defendant was therefore concluded by the answer of the people's witnesses. *Van Wyck* v. *McIntosh*, 14 N. Y. 439; *Hilsley* v. *Palmer*, 32 Hun, 472. We have examined the other exceptions of the appellant, and find nothing in them calling for a reversal of the judgment. The judgment of conviction should be affirmed, and the proceedings remitted to the court of sessions of Niagara county, with directions to proceed thereon. All concur.